**In re WHITE.**

Patent Appeal No. 2290.

Court of Customs and Patent Appeals.

April 10, 1930.

E. W. Bradford, of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

Appellant sought a patent for "Paste for Food Products and Process of Making."

His application was rejected by the Examiner, whose decision was affirmed by the Board. Appeal was then taken and the matter brought to this court.

Claim 1 is for the product:

"1. A paste of the character described comprising a solution of sugar and skimmed milk powder, and butter fat added to such solution of sufficient quantity to produce said paste."

Claims 2, 3, and 4 cover the process. Claim 2 reads:

"2. The process of manufacturing paste for use in the manufacture of chocolate products which consists in dissolving sugar in water, dissolving skimmed milk powder in the solution thus formed, adding thereto butterfat, and mixing to form a thick paste."

Claim 3 is virtually a repetition of claim 2, and claim 4 covers the same ground, and, in addition, gives the proportions of the ingredients used.

There were cited as references: Hatmaker, 872,416, Dec. 3, 1907; Wieda, 1,092,616, April 7, 1914; Beckman et al., 1,090,369, July 11, 1916; Gould, 1,400,484, Dec. 13, 1921.

The opinion of the Board also states:

"The 'Candy Cook Book' describes processes for making fondant from the ingredients sugar, milk, corn syrup and butter."

It appears from the references cited that in the different patents processes for mixing ingredients of food products, which ingredients are in some instances, at least, the same as those of appellant, are disclosed. No one of them claims to have produced a paste, but, in our view, this is not material in this instance, because the density of products such as these will depend upon the quantity of water contained.

We do not understand, however, that the rejections by the Patent Office tribunals rest solely upon the references, but upon the fact that the claims do not show any invention which is patentable.

In Ex parte Walker, 313 O. G. 231, 1923 C. D. 39, the Commissioner of Patents held:

"So long as there is no chemical combination of substances, nor any new function or effect brought out, but merely the combined functions and effects of the separate ingredients selected, there is produced nothing patentable."

Appellant's product is evidently the result of using a particular formula or recipe whereby well-known ingredients are mixed or blended. His plan differs from other formulas or recipes, but we think this cannot be held to be patentable invention. It is a matter of common knowledge that new recipes for cooking and for the production of food products are constantly being developed by adding or eliminating well-known ingredients or treating them in ways differing from former practice. To hold all these patentable would unsettle the arts of cooking and of preparing food products. It surely was not contemplated that they should come within the purview of the patent laws, unless more appears than we can find in the instant case.

There is an insistence by appellant that his manner of producing the article is not taught by the patents cited, in that he attains his result by first dissolving the sugar in water, thus eliminating any granular condition, then dissolves the milk powder in the sugar solution, and then adds the butter fat.

It may be noted that nothing appears in the claims themselves about a nongranular condition resulting. Perhaps this is an obvious result. In the argument emphasis is laid upon the order in which the ingredients are placed in the mixture. The claims do not, however, assert this order as a necessity, and,

in any event, we do not think this constitutes a patentable feature in this case. That surely is a matter which suggests itself to one skilled in the art. We see no reason to question the soundness of the assertion in the brief for the Commissioner that "ordinarily in process claims steps taken concurrently are the equivalent of steps taken successively." The case cited seems to support it. Asbestos Shingle, Slate & Sheathing Co. et al. v. Rock Fibre Mfg. Co. (D. C.) 217 F. 66.

The decision of the Board is affirmed.

Affirmed.